**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CYNTHIA BOSS,

     Plaintiff,

     v.

FEDERAL HOUSING FINANCE AGENCY,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, AND SANTANDER BANK,
N.A.

     Defendants.

Case No.: 1:17-cv-00042-JJM-LDA

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)

Plaintiff claims that Defendants Federal National Mortgage Association ("Fannie Mae"), a federally chartered private corporation, and the Federal Housing Finance Agency ("FHFA"), a federal agency acting as Fannie Mae's Conservator, violated her Fifth Amendment due process rights when Fannie Mae conducted a non-judicial foreclosure of her property pursuant to state law. But neither Fannie Mae nor FHFA as its Conservator is a government actor subject to Fifth Amendment constraints. As a result, Plaintiff's claim fails as a matter of law.

Every federal court to consider whether Fannie Mae or the similarly-situated Federal Home Loan Mortgage Corporation ("Freddie Mac"), which is also under FHFA conservatorship, is a government actor for constitutional purposes—including the Sixth and D.C. Circuits—has held that they are not. *See, e.g.*, *Herron v. Fannie Mae*, 861 F.3d 160, 169 (D.C. Cir. 2017); *Mik v. Freddie Mac*, 743 F.3d 149, 168 (6th Cir. 2014).

These courts rely on *Lebron v. National Railroad Passenger Corporation*, 513 U.S. 374 (1995), which provides the test for when an otherwise-private corporation can be deemed a government actor for constitutional purposes. That test requires, among other things, that the government retain permanent control over the corporation. Because Fannie Mae was not a government actor before conservatorship, and conservatorship does not give the government permanent control over Fannie Mae, Fannie Mae cannot be deemed a government actor under

1   *Lebron.*

2          FHFA, as Fannie Mae's Conservator, likewise is not a government actor for purposes of

3   constitutional claims.  Rather, the Conservator assumes Fannie Mae's private status when

4   overseeing Fannie Mae' s ordinary business activities, such as foreclosing on defaulted

5   mortgages.  Accordingly, Fannie Mae and FHFA are entitled to judgment as a matter of law.

6                              **STATEMENT OF ALLEGATIONS**

7          **A.      FHFA and Fannie Mae in Conservatorship**

8          Fannie Mae is a private, publicly-traded corporation chartered by Congress to stabilize

9   the secondary mortgage market and to promote access to mortgage credit.  Compl. ¶ 7; *see also*

10  *Town of Johnston v. FHFA*, 765 F.3d 80, 82 (1st Cir. 2014).

11         In July 2008, Congress passed the Housing and Economic Recovery Act of 2008

12  ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654 (codified as 12 U.S.C. § 4511 *et seq.*), which

13  established FHFA.  Compl. ¶ 9.  FHFA is an independent federal agency with regulatory and

14  oversight authority over Fannie Mae, Freddie Mac, and the Federal Home Loan Banks.  *Id.*

15         In September 2008, FHFA placed Fannie Mae and Freddie Mac (together, "the

16  Enterprises") into conservatorships "for the purpose of reorganizing, rehabilitating, or winding

17  up [their] affairs."  12 U.S.C. § 4617(a)(2); Compl. ¶¶ 10-11.  In its capacity as Conservator,

18  FHFA succeeded to "all rights, titles, powers, and privileges" of the Enterprises and their

19  respective stockholders, boards of directors, and officers.  *See* 12 U.S.C. § 4617(b)(2)(A)(i);

20  Compl. ¶¶ 15, 21.  Thus, FHFA assumed the power to oversee Fannie Mae's operations.  *Id.*

21         HERA also amended the Enterprises' statutory charters to grant the Treasury authority to

22  purchase securities issued by the Enterprises, so long as they reached "mutual agreement" on the

23  terms.  *See* 12 U.S.C. § 1719(g)(1)(A) (Fannie Mae); 12 U.S.C. § 1455(*l*)(1)(A) (Freddie Mac).

24  Pursuant to this authority, Treasury and the Conservator entered into Senior Preferred Stock

25  Purchase Agreements for each Enterprise, through which Treasury agreed to infuse hundreds of

26  billions of taxpayer dollars into the Enterprises as needed.  Compl. ¶¶ 24-29.

27

28

300877401v1 0995019

### B. Foreclosure Proceedings

Plaintiff is the owner of real property located at 39 Pichette Blvd., Woonsocket, Rhode Island (the "Property").  Compl. ¶ 1.  In March 2016, Fannie Mae conducted a non-judicial foreclosure sale of the property and recorded a foreclosure deed.  Compl. ¶¶ 45-46.  Fannie Mae rescinded the foreclosure on April 4, 2017.  ECF Nos. 8-9.

### C. Plaintiff's Claim

Plaintiff's sole cause of action in this matter is deprivation of property without due process.  Compl. ¶¶ 51-61.  Specifically, Plaintiff maintains that FHFA and Fannie Mae acted jointly to deprive her of ownership rights in the Property by conducting a non-judicial foreclosure under Rhode Island Chapter 34-27.  Compl. ¶ 52.  Plaintiff claims that this non-judicial foreclosure violated the Due Process Clause of the Fifth Amendment of the United States Constitution.  Compl. ¶¶ 53-54.  Based upon these purported due process violations, Plaintiff claims deprivation of ownership in the Property, cloud on title, impairment of her ability to sell, rent or otherwise alienate the Property, damage to her credit rating, reduced chance of obtaining a future mortgage, eviction, and loss of security in her dwelling.  Compl. ¶ 55.  Plaintiff further claims damages as a result of the alleged due process violation, including costs and expenses of the foreclosure added to her account, loss of equity in the Property, and expenses due to postage, mailing, and long-distance telephone calls.  Compl. ¶ 61.

## LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) is decided under the same standard as a motion to dismiss.  *Trombley v. Bank of Am. Corp.*, 715 F. Supp. 2d 290, 292 (D.R.I. 2010).  A complaint cannot survive such a motion if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Curran v. Cousins*, 509 F.3d 36, 43 (1st Cir. 2007) (citation omitted).  In deciding the motion, the Court must "view the facts contained in the pleadings in the light most favorable to the party opposing the motion—here, the plaintiff—and draw all reasonable inferences in the plaintiff's favor."  *Id.*

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ARGUMENT**

Plaintiff asserts that Fannie Mae and FHFA denied her due process under the Fifth Amendment of the United States Constitution. Compl. ¶¶ 51-61. Plaintiff's assertion fails as a matter of law. "It is well-settled that the due process provision of the Fifth Amendment serves as a limitation only on governmental, not private, action." *Velez-Diaz v. Vega-Irizarry*, 421 F.3d 71, 79 (1st Cir. 2005). Fannie Mae is not a government entity, nor do Fannie Mae's actions constitute federal action for purposes of triggering constitutional due process protections. Prior to conservatorship, Fannie Mae was a private corporation. No one contends it was a government actor, nor could anyone—precedent confirms unequivocally that it was not. During conservatorship, FHFA controls Fannie Mae but that control is neither permanent nor governmental, as applicable precedent requires for an otherwise-private corporation to be deemed a government actor. Indeed, when acting as Conservator of Fannie Mae, FHFA is not a government entity for purposes of the Fifth Amendment. When FHFA placed Fannie Mae into conservatorship, the agency stepped into the shoes of a *private* corporation to conduct its day-to-day operations and thereby assumed Fannie Mae's *private* status, not vice versa. Thus, FHFA, as Conservator, does not act as part of the government for purposes of constitutional claims.

## I.     FANNIE MAE IS NOT A GOVERNMENT ACTOR FOR PURPOSES OF CONSTITUTIONAL CLAIMS

For almost 50 years, Fannie Mae has operated as a private corporation "created by federal charter to support the development of the secondary mortgage market." *Town of Johnston*, 765 F.3d at 82. Originally created by the National Housing Act of 1934, Congress transformed Fannie Mae's status from a government entity into a private entity in 1968. Housing and Urban Development Act of 1968, Pub. L. No. 90-448, 82 Stat. 476 (1968). Since 1968 and prior to conservatorship in 2008, Fannie Mae was not a government actor for purposes of constitutional claims. *See Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 359 (5th Cir. 1977) (rejecting due process claim brought by a borrower against pre-conservatorship Fannie Mae for commencing a non-judicial foreclosure); *Northrip v. Fannie Mae*, 527 F.2d 23, 30 (6th Cir. 1975) (rejecting claim that pre-conservatorship Fannie Mae was a federal actor subject to the Due Process Clause of the Fifth Amendment); *see also Am. Bankers Mortg. Corp. v. Freddie Mac*, 75 F.3d 1401,

- 4 -

1   1409 (9th Cir. 1996) (citing *Lebron* and holding that pre-conservatorship Freddie Mac was not a

2   government actor for purposes of a constitutional claim).

3       The key issue here, therefore, is whether conservatorship converted Fannie Mae into a

4   government actor.  It did not.  Federal courts have unanimously held that Fannie Mae, even in

5   conservatorship, maintains its private identity for purposes of constitutional claims.  These courts

6   rely on *Lebron v. National Railroad Passenger Corporation*, 513 U.S. 374 (1995), which

7   governs the analysis of whether a federally chartered, private corporation can be deemed a

8   government actor.  Under the *Lebron* framework, Fannie Mae is not a government actor because

9   FHFA's conservatorship—even if assumed to amount to *government* control—does not involve

10  *permanent* control.[1]

## A.   Federal Courts Have Unanimously Held That the Enterprises Are Not Government Actors While in Conservatorship for Purposes of Constitutional Claims

13      Every federal court to have considered the issue has held that Fannie Mae and Freddie

14  Mac, while in conservatorship, are not government actors for purposes of constitutional claims.

15  *See, e.g.*, *Herron*, 861 F.3d at 169; *Mik*, 743 F.3d at 168.  Most recently, the D.C. Circuit held

16  that conservatorship "does not transform Fannie Mae into a government actor" and dismissed the

17  plaintiff's First Amendment *Bivens* claim.  *Herron*, 861 F.3d at 169.  Similarly, the Sixth Circuit

18  held that "Freddie Mac is not a government actor who can be held liable for violations of the

19  Fifth Amendment's Due Process Clause."  *Mik*, 743 F.3d at 168; *see also Rubin v. Fannie Mae*,

20  587 F. App'x 273, 275 (6th Cir. 2014) (same for Fannie Mae in the context of a non-judicial

21  foreclosure).

22      Likewise, district courts routinely hold that the Enterprises are not part of the government

23  for constitutional purposes while in conservatorship.  As one district court explained, "[b]ecause

24  the FHFA lacks permanent control over Fannie Mae, Fannie Mae is not a state actor, and

25  Plaintiff's constitutional claims cannot survive."  *Matveychuk v. One W. Bank, FSB*, No. 1:13-

26  cv-3464-AT, 2016 WL 4059681, at *3 (N.D. Ga. Jan. 28, 2016); *see also, e.g.*, *Dias v. Fannie*

---

[1]      As discussed in Section II below, FHFA's conservatorship of Fannie Mae does not constitute governmental control.

300877401v1 0995019

1    *Mae*, 990 F. Supp. 2d 1042, 1062 (D. Haw. 2013) ("The Court agrees with those courts . . . that

2    have considered and rejected Plaintiff's argument that Fannie Mae is a government actor by

3    virtue of the FHFA conservatorship."); *Freddie Mac v. Shamoon*, 922 F. Supp. 2d 641, 645 (E.D.

4    Mich. 2013) ("FHFA's conservatorship of Freddie Mac does not and cannot transform that

5    private corporation into a government actor . . . ."); *May v. Wells Fargo Bank, N.A.*, No. 4:11-cv-

6    3516, 2013 WL 3207511, at *5 (S.D. Tex. June 24, 2013) ("[D]espite FHFA's conservatorship,

7    Freddie Mac is not a government actor."); *Syriani v. Freddie Mac Multiclass Certificates, Series

8    3365*, No. 12-cv-3035-JFW, 2012 WL 6200251, at *4 (C.D. Cal. July 10, 2012) ("Freddie Mac

9    does not become a governmental actor for Fifth Amendment purposes merely because it is

10   placed into conservatorship.").  Notably, the majority of these authorities involve foreclosure

11   disputes, just as this case.

12          Applying these decisions here, it is clear that by placing Fannie Mae into conservatorship

13   and acting in its capacity as Conservator of Fannie Mae, FHFA did not transform Fannie Mae

14   into a government actor for purposes of constitutional claims.

15   **B.    *Lebron* Controls the Government-Actor Analysis for Constitutional Claims
16          against Otherwise-Private Corporations and Requires that the Government
             Retain Permanent Control**

17          The federal courts above have relied on and correctly applied *Lebron* in determining that

18   the Enterprises are not government actors for purposes of constitutional claims.  *See, e.g.*,

19   *Herron*, 861 F.3d at 167 ("[W]e apply the framework the Supreme Court established in *Lebron*

20   for determining whether a 'Government-created and -controlled corporation[ ]' is a government

21   actor for constitutional purposes."); *Mik*, 743 F.3d at 168.  And two additional Courts of Appeals

22   have applied *Lebron* to hold that the Enterprises are not government actors for other purposes.

23   *See Meridian Invs., Inc. v. Freddie Mac*, 855 F.3d 573, 579 (4th Cir. 2017); *U.S. ex rel. Adams v.*

24   *Aurora Loan Servs., Inc.*, 813 F.3d 1259, 1261 (9th Cir. 2016).  Thus, four federal appellate

25   courts agree that under *Lebron* Fannie Mae and Freddie Mac are not government actors even

26   though they are in FHFA's conservatorship.  These courts' uniform analysis and application of

27   *Lebron* is correct.

28          In *Lebron*, the Supreme Court held that where "[1.] the Government creates a corporation

- 6 -

300877401v1 0995019

1  by special law, [2.] for the furtherance of governmental objectives, and [3.] retains for itself

2  *permanent authority* to appoint a majority of the directors of that corporation, the corporation is

3  part of the Government for purposes of the First Amendment."  513 U.S. at 399 (emphasis

4  added).  In holding that Amtrak was part of the government, the Supreme Court emphasized that

5  "Amtrak is not merely in the *temporary* control of the Government (as a private corporation

6  whose stock comes into federal ownership might be)," but rather was under *permanent*

7  government control. *Id.* at 398 (emphasis added).  *Lebron* remains the operative test and

8  permanent control is a necessary element. *See Dep't of Transp. v. Ass'n of Am. Railroads*, 135

9  S. Ct. 1225, 1233 (2015) (citing favorably to *Lebron*); *Barrios-Velazquez v. Asociacion de*

10  *Empleados del Estado Libre Asociado de Puerto Rico*, 84 F.3d 487, 492 (1st Cir. 1996)

11  (recognizing that permanent control is a necessary element).

12        *Lebron* confirms that conservatorship does not transform Fannie Mae into a government

13  actor for purposes of constitutional claims because the conservatorship does not grant the

14  government permanent authority to appoint a majority of Fannie Mae's directors.  Plaintiff

15  alleges that "the Board of Directors of Fannie Mae is entirely appointed by FHFA," Compl. ¶ 31,

16  but omits that as a matter of law, FHFA holds that prerogative only as Conservator, not as Fannie

17  Mae's regulator. *Compare* 12 U.S.C. § 1723(b) (Fannie Mae charter provision stating that "[t]he

18  Federal National Mortgage Association shall have a board of directors, which shall consist of 13

19  persons . . . who shall be elected annually by the common stockholders.") *with* 12 U.S.C.

20  § 4617(b)(2)(A)(i) (FHFA, when appointed "as [C]onservator," shall "by operation of law,

21  immediately succeed to . . . all rights, titles, powers, and privileges of [Fannie Mae], and of any

22  stockholder, officer, or director.").  Accordingly, FHFA's authority to appoint Fannie Mae's

23  directors will last only as long as the conservatorship remains in place, and conservatorship is

24  inherently temporary.

25        As the D.C. Circuit explained in *Herron*:

26          While the conservatorship authorized the government to exercise
substantial control over Fannie Mae, "that control is temporary, 'as

27          a private corporation whose stock comes into federal ownership
might be.'" *See Meridian Invs.*, 855 F.3d at 579 (quoting *Lebron*,

28          513 U.S. at 398, 115 S. Ct. 961).  Thus, the government's

- 7 -

> indefinite but temporary control does not transform Fannie Mae
> into a government actor.  *See Lebron*, 513 U.S. at 399, 115 S.Ct.
> 961 (citing *Reg'l Rail Reorganization Act Cases*, 419 U.S. 102,
> 152, 95 S. Ct. 335, 42 L. Ed. 2d 320 (1974)).

861 F.3d at 169.

Plaintiff's assertion that "[t]here is no other law, regulation, policy or directive that provides either a date or specifies conditions by which FHFA's control over Fannie Mae will terminate,"  Compl. ¶ 22, is true but beside the point.  Whatever might be argued (or speculated) about the possible duration of the conservatorship, Fannie Mae is not subject to *permanent* control by the government, as the conservatorship did not grant FHFA *permanent* authority to appoint a majority of Fannie Mae's directors.

Rather, in HERA, Congress empowered FHFA to act as conservator of Fannie Mae for purposes of "reorganizing, rehabilitating, or winding up [its] affairs."  12 U.S.C. § 4617(a)(2). This naturally limits the Conservator's authority to a certain resolution—"reorganizing, rehabilitating, or winding up [Fannie Mae's] affairs"; it does not grant FHFA permanent authority.  Indeed, "[a]lthough there is no specific termination date, the purpose of the conservatorship is to restore Fannie Mae to a stable condition."  *Herron*, 861 F.3d at 169.  As a result, FHFA's (assumed) control is merely indefinite, not permanent.  "Thus, the government's indefinite but temporary control does not transform Fannie Mae into a government actor."  *Id.*

Nor can Plaintiff point to anything inherent in Fannie Mae's structure as indicative of permanent government control, as a comparison with Amtrak's structure in *Lebron* confirms.  In *Lebron*, Amtrak's charter established permanent government control because "six of the corporation's eight externally named directors (the ninth is named by a majority of the board itself) are appointed directly by the President of the United States."  513 U.S. at 397.  By contrast, Fannie Mae's charter has no such structure where the government permanently appoints Fannie Mae's directors—"The Federal National Mortgage Association shall have a board of directors, which shall consist of 13 persons . . . who shall be elected annually by the common stockholders."[2]  12 U.S.C. § 1723(b).

---

[2] In *Lebron*, the Supreme Court focused solely on the permanent, structural control the government retained under the provision of Amtrak's charter that granted the President authority to appoint six of Amtrak's nine directors.

(Footnote Cont'd on Following Page)

300877401v1 0995019

1    Additionally, although the Congressional Budget Office ("CBO") included the

2  Enterprises' operations in the federal budget and has said that the Enterprises are "effective[ly]"

3  part of the government for CBO's purposes, Compl. ¶¶ 12-14, the CBO has not said that the

4  existing government control will be permanent, which is the relevant factor in the *Lebron*

5  analysis.  In fact, the CBO has noted that Fannie Mae and Freddie Mac "are not legally

6  government agencies, and their employees are not civil servants."  Compl., Ex. 2 at 2.

7    Plaintiff also seems to claim that Fannie Mae is under permanent control because "[e]ven

8  if the conservatorship were terminated[,] Fannie Mae will remain subject to the control of the

9  United States Treasury through the senior preferred stock purchase agreement [PSPA], senior

10  preferred stock, and warrant to purchase common stock."  Compl. ¶ 23.  But as the Fourth

11  Circuit recently held, "although the government does exert some control . . . through the PSPA

12  with Treasury, that control is *temporary* . . . .  The Supreme Court has long held that, when the

13  government acquires an ownership interest in a corporation, it acts—and is treated—as any other

14  shareholder."  *Meridian Invs., Inc.*, 855 F.3d at 579 (holding that Freddie Mac is not a

15  government actor for statute-of-limitations purposes under 28 U.S.C. § 2401(a)) (citing *Lebron*,

16  513 U.S. at 398 and *Bank of U.S. v. Planters' Bank of Ga.*, 22 U.S. 904, 907 (1824)) (emphasis

17  added).

18    Indeed, while the government undoubtedly would have temporally indefinite control over

19  "a private corporation whose stock comes into federal ownership," that is the precise example

20  the Supreme Court uses to illustrate the *absence* of permanent government control over the

21  corporation.  *Lebron*, 513 U.S. at 398 ("Amtrak is not merely in the *temporary* control of the

22  Government (*as a private corporation whose stock comes into federal ownership might be*)

23  (emphases added).").  Thus, conservatorship does not amount to permanent government control

24

25

26  (Footnote Cont'd From Previous Page)
*Lebron*, 513 U.S. at 397.  The Court did not deem it significant that the President also had *temporary* authority, by
27  virtue of a financial assistance arrangement, to appoint two additional directors; rather, the Court recites that as a
fact but omits it completely from the analysis of whether Amtrak would be deemed a government actor.  *Id.* at 397-
28  99.  This confirms that only permanent and structural indicia of control are significant to the analysis.

300877401v1 0995019

and does not impose government-actor status onto Fannie Mae; rather, Fannie Mae retained its pre-conservatorship status as a private actor for purposes of constitutional claims.

Under the *Lebron* framework, and as numerous courts have held, Fannie Mae is not a government actor that can be held liable for constitutional violations. This Court should hold the same.

## II.    THE CONSERVATOR IS NOT A GOVERNMENT ACTOR FOR PURPOSES OF CONSTITUTIONAL CLAIMS

Nor can Plaintiff plausibly argue the FHFA, as Fannie Mae's Conservator, is a government actor for purposes of Plaintiff's constitutional claim.[3] Federal courts that have addressed the question of whether FHFA, as Conservator, is a federal actor for purposes of constitutional claims have, again, unanimously held that it is not. This is so because HERA provides that the Conservator—by operation of law, upon the inception of conservatorship— succeeds to "all rights, titles, powers, and privileges of the regulated entity, and of any stockholder, officer, or director." 12 U.S.C. § 4617(b)(2)(A)(i). As the D.C. Circuit explains, HERA "evinces Congress's intention to have the FHFA step into Fannie Mae's private shoes" and for FHFA to "shed[] its government character," not vice versa. *Herron*, 861 F.3d at 169 (alteration in original) (citation omitted). Here, when FHFA acts in its capacity as Conservator, it stands in the shoes of Fannie Mae. Plaintiff's claim against FHFA is effectively a claim against Fannie Mae, which is not a government entity. Thus, acting as Conservator, FHFA is no longer acting as a government entity for purposes of constitutional claims.

All district courts that have addressed the issue have held the same. *See, e.g.*, *Parra v. Fannie Mae*, No. 13-cv-04031, 2013 WL 5638824, at *3 (C.D. Cal. Oct. 16, 2013) ("FHFA, which took over as Fannie Mae's conservator, also does not qualify as a government actor [for Fifth Amendment purposes]."); *Dias*, 990 F. Supp. 2d at 1061 ("Similarly, the FHFA, which took over as Fannie Mae's conservator, also does not qualify as a government actor."); *Syriani*, 2012 WL 6200251, at *4 ("[FHFA], as conservator for Freddie Mac, 'step[ped] into the shoes'

---

[3] Plaintiff sues FHFA in its capacity as Conservator of Fannie Mae, not as Regulator, and offers no allegation that could support a claim against FHFA as regulator.

300877401v1 0995019

1   of Freddie Mac . . . .); *Shamoon*, 922 F. Supp. 2d at 645 ("FHFA, as conservator, merely 'steps

2   into the shoes' of Freddie Mac, a private corporation.").

3       Similarly, the Fourth and Ninth Circuits each applied *Lebron* to FHFA as Conservator

4   and held that because the Conservator assumes the Enterprises' private status it is not a

5   government actor.  In the Fourth Circuit, the court held that "as conservator[, FHFA] steps into

6   Freddie Mac's shoes, shedding its government character and also becoming a private party."

7   *Meridian Invs., Inc.*, 855 F.3d at 579 (applying *Lebron* test in holding that Freddie Mac was not

8   a government actor for statute-of-limitations purposes under 28 U.S.C. § 2401(a)).  Similarly,

9   the Ninth Circuit held that conservatorship "places FHFA in the shoes of Fannie Mae and

10  Freddie Mac, and gives the FHFA *their* rights and duties, not the other way around."  *Adams*,

11  813 F.3d at 1260-61 (applying *Lebron* test in holding that Fannie Mae and Freddie Mac are not

12  "officers, employees, or agents of the federal government" for purposes of the False Claims

13  Act).  Indeed, the D.C. Circuit in *Herron* cited to these cases in its ruling.  *Herron*, 861 F.3d at

14  169.

15      Cases involving other federal agencies acting as conservators or receivers confirm the

16  point that they assume the private status of the entity in conservatorship or receivership and do

17  not act as the government.  In *O'Melveny & Myers v. FDIC*, the Supreme Court construed the

18  materially identical language of 12 U.S.C. § 1821(d)(2)(A)(i), which applies to FDIC

19  receiverships, as "indicat[ing] that the FDIC as receiver 'steps into the shoes' of the [pre-

20  existing institution], obtaining the rights 'of th[e] institution' that existed prior to receivership."

21  512 U.S. 79, 86 (1994).[4]  As Judge Lagueux of this District held, this is because "when the

22  FDIC is acting as a receiver it is performing a function normally accomplished by a private

23  entity rather than a federal agency.  As a receiver, the FDIC does not act on behalf of the

24  United States government, and it does not perform any function unique to the federal

25  government.  Instead, it acts on behalf of the failed bank in the interest of that bank's

26

27  ───────────────
    [4] Because their statutory schemes are similar, courts routinely look to FDIC precedent as helpful in interpreting the
    legal obligations raised by HERA.  *See, e.g.*, *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 605 (D.C. Cir. 2017);

28  *Cty. of Sonoma v. FHFA*, 710 F.3d 987, 993 (9th Cir. 2013).

creditors." *Schock v. FDIC*, 118 F. Supp. 2d 165, 169-70 (D.R.I. 2000).  Accordingly, the appointment of the FDIC as conservator or receiver of a financial institution means the FDIC assumes that entity's private status. *See, e.g.*, *Ameristar Fin. Servicing Co. LLC v. United States*, 75 Fed. Cl. 807, 812 (2007) (dismissing claim because the FDIC as conservator "was not  acting as the United States"); *see also United States v. Beszborn*, 21 F.3d 62, 68 (5th Cir. 1994) (When acting "[i]n its capacity as receiver, the [Resolution Trust Corporation] stands as a private, non-governmental entity, and is not the Government for purpose of the Double Jeopardy Clause.").

Because FHFA as Conservator does not act as the United States for constitutional claims, the Court should enter judgment against Plaintiff.

## CONCLUSION

For the reasons set forth herein, Fannie Mae and FHFA respectfully request that the Court grant their motion for judgment on the pleadings and enter judgment in their favor.

Respectfully submitted,

Dated: December 15, 2017

FEDERALHOUSING FINANCE AGENCY
AND FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

By Their Attorney,

/S/ Samuel C. Bodurtha
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
321 South Main Street, Suite 301
Providence, RI 02903
(401) 751-0842
(401) 751-0072 (fax)
sbodurtha@hinshawlaw.com

FEDERAL HOUSING FINANCE AGENCY

By Its Attorney,

/S/ Michael A.F. Johnson
Michael A.F. Johnson (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
(202) 942-5999 (fax)
Michael.Johnson@apks.com

300877401v1 0995019

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing brief with the Clerk of the Court for the District of Rhode Island by using the CM/ECF system on December 15, 2017.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/S/ Samuel C. Bodurtha*
Samuel C. Bodurtha