# UNITED STATES DISTRICT COURT

# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUDITH A. SISTI,<br><br>　　Plaintiff,<br><br>　　v.<br><br>FEDERAL HOUSING FINANCE AGENCY, FEDERAL HOME LOAN MORTGAGE CORPORATION, AND NATIONSTAR MORTGAGE, LLC<br><br>　　Defendants. | Case No.: 1:17-cv-00005-JJM-LDA |
| CYNTHIA BOSS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND SANTANDER BANK, N.A.<br><br>　　Defendants. | Case No.: 1:17-cv-00042-JJM-LDA |

## MOTION TO CERTIFY THE AUGUST 2, 2018 ORDER FOR INTERLOCUTORY APPELLATE REVIEW UNDER 28 U.S.C. § 1292(b)

302413251v1 0995019

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................2

ARGUMENT .........................................................................................................................3

I. THE ORDER INVOLVES CONTROLLING QUESTIONS OF LAW ................3

II. SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION EXIST ...........4

III. AN IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE
ULTIMATE TERMINATION OF THE LITIGATION ..........................................5

IV. THIS IS AN EXCEPTIONAL CASE WARRANTING INTERLOCUTORY
REVIEW ..................................................................................................................6

CONCLUSION ......................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*U.S. ex rel. Adams v. Aurora Loan Servs., Inc.*,
   813 F.3d 1259 (9th Cir. 2016) ................................................................................................ 6

*Ahrenholz v. Bd. of Trustees of Univ. of Ill.*,
   219 F.3d 674 (7th Cir. 2000) .................................................................................................... 4

*Atrion Networking Corp. v. Marble Play, LLC*,
   31 F. Supp. 3d 357 (D.R.I. 2014) ............................................................................................. 5

*Caraballo-Seda v. Municipality of Hormigueros*,
   395 F.3d 7 (1st Cir. 2005) .................................................................................................... 3, 6

*Hernandez-Miranda v. Empresas Diaz Masso, Inc.*,
   651 F.3d 167 (1st Cir. 2011) .................................................................................................... 4

*Lebron v. National Railroad Passenger Corp.*,
   513 U.S. 374 (1995) ........................................................................................................ 2, 4, 6

*Meridian Invs., Inc. v. Freddie Mac*,
   855 F.3d 573 (4th Cir. 2017) .................................................................................................... 6

*Ruiz v. State of Rhode Island*,
   No. 16-cv-00507, 2018 WL 3647204 (D.R.I. Aug. 1, 2018) ................................................ 3, 4

*Sandler v. Eastern Airlines, Inc.*,
   649 F.2d 19 (1st Cir. 1981) ...................................................................................................... 4

**Statutes**

28 U.S.C.
   § 1292(b) ...................................................................................................................... 1, 3, 6, 7
   § 2401(a) .................................................................................................................................. 6

**Rules**

Fed. R. App. P. 5(a)(3) .................................................................................................................. 3

**Other Authorities**

4 Am. Jur. 2d Appellate Review § 124 (2d ed. 2018) ................................................................... 5

16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 3929,
   3930 (3d ed. 2018) ................................................................................................................... 6

**INTRODUCTION**

This case presents a question that has been litigated many times before—whether Fannie Mae and Freddie Mac (together, the "Enterprises"), as well as the Federal Housing Finance Agency ("FHFA") in its capacity as their Conservator, are government entities for purposes of constitutional claims. Prior to this Court's August 2, 2018 Memorandum and Order (the "Order"), every federal court to consider this question had answered it in the negative. As the Court recognizes, its Order is the first and only decision to hold that the Enterprises and the Conservator are government entities that are subject to constitutional claims. *See* Order at 6-7.

Defendants respectfully move this Court to amend the Order to include the certification necessary to petition to the First Circuit for interlocutory review under 28 U.S.C. § 1292(b) of the Court's Order. Specifically, defendants respectfully request that the Court amend the Order to state that in the Court's opinion, the Order involves "[1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

The Order involves a controlling question of law—whether the Enterprises and Conservator are government entities for purposes of constitutional claims. Substantial ground for difference of opinion with this Court's conclusion exists, as the many decisions reaching the opposite outcome confirm. And an immediate appeal may materially advance the ultimate termination of this litigation, because the government-actor issue would, if decided in Defendants' favor, resolve the due process claims without need for any additional proceedings. Given the fact that this Court's Order is the first and only to deviate from over 40 decisions reaching the opposite conclusion, thereby creating uncertainty about what had been a settled issue, this case also presents exceptional circumstances that warrant certification.

302413251v1 0995019

**BACKGROUND**

Plaintiffs Judith Sisti and Cynthia Boss both have filed complaints alleging that FHFA, Fannie Mae, and Freddie Mac deprived them of their Fifth Amendment due process rights by conducting non-judicial foreclosures on their respective properties. *See* Order at 4-5. Plaintiffs contend that Fannie Mae, Freddie Mac, and FHFA as their Conservator, are government entities and, as such, that the Due Process Clause applies to them. *Id.* at 5. On December 15, 2017, FHFA as Conservator, Fannie Mae, and Freddie Mac moved for judgment on the pleadings, arguing that, as a matter of law, they are not government entities for purposes of due process claims. *Id.*[1] The Court held oral argument on both motions on June 12, 2018.

On August 2, 2018, the Court issued a Memorandum and Order denying the motions for judgment on the pleadings. Although the Court acknowledged that "every other court to reach the issue" has held that the Enterprises and their Conservator are not government entities for purposes of constitutional claims, it said that it was not persuaded by these cases and "conclude[d] that the Defendants can be found to be government actors" for purposes of a due process claim. Order at 6-7. Like other courts that have considered the question, the Court invoked the Supreme Court's three-part test in *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995). Opp. at 7. However, in contrast to all other courts, which have held that government control of the Enterprises is temporary, the Court concluded that "the government effectively controls Fannie Mae and Freddie Mac permanently." Order at 12. The Court determined that such "permanent" control renders the Enterprises governmental entities under *Lebron*. *Id.* at 12-14. In addition, the Court concluded that the Conservator is a government entity. *Id.* at 14. Addressing the body of case law holding that the Federal Deposit Insurance Corporation in its capacity as receiver is non-governmental, the Court stated that conservators and receivers are fundamentally different from

---

[1] Boss's sole claim is her due process claim, whereas Sisti amended her complaint to add other claims. Defendants' motions for judgment on the pleadings apply only to the due process claims.

each other because the Conservator purportedly owes fiduciary duties to the Enterprises. *Id.* at 16-19.

Defendants now respectfully request that the Court amend the Order to include a statement, necessary to permit a petition for interlocutory review under 28 U.S.C. § 1292(b), that the Order involves controlling issues of law about which there are substantial grounds for differences of opinion, the resolution of which will materially advance the ultimate termination of the litigation.

**ARGUMENT**

Section 1292(b) authorizes appellate review of an interlocutory order if the district court certifies that the order: (1) "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *accord Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005). As explained below, the Order readily meets all three statutory requirements, and it presents "exceptional circumstances" as well. *See Caraballo-Seda*, 395 F.3d at 9. Accordingly, this Court should amend the Order to include the necessary certification. *See* Fed. R. App. P. 5(a)(3) ("If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.").

**I. THE ORDER INVOLVES CONTROLLING QUESTIONS OF LAW**

The term "controlling question of law" as used in § 1292(b) means a question that is "serious to the conduct of the litigation, either practically or legally," as opposed to a question where "litigation would be conducted in much the same manner regardless of the disposition of the question upon appeal." *Ruiz v. State of Rhode Island*, No. 16-cv-00507, 2018 WL 3647204, at *2 (D.R.I. Aug. 1, 2018) (quoting *Atrion Networking Corp. v. Marble Play, LLC*, 31 F. Supp. 3d 357, 359 (D.R.I. 2014)). Moreover, the question must be one "of law," as opposed to a "question of fact

- 3 -

or matter of discretion." *Ruiz*, 2018 WL 3647204, at *2 (quoting 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930 (3d ed. 2018)); *see also Sandler v. Eastern Airlines, Inc.*, 649 F.2d 19, 20 (1st Cir. 1981) (concluding that no question of law existed because "further development of the facts" was necessary). A question of law is one that the court of appeals could decide "quickly and cleanly without having to study the record." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000).

Whether Fannie Mae, Freddie Mac, and their Conservator are government actors for constitutional purposes is a "controlling" question of law because its resolution will have a "serious" effect on the "conduct of the litigation." If the Enterprises and Conservator are not deemed government actors for purposes of constitutional claims, then Plaintiffs' due process claims necessarily fail. Such a ruling would bring an end to the *Boss* litigation, which involves a single count for violation of due process, and it would have a "serious" impact on the *Sisti* litigation by eliminating an important claim. And the question that Defendants seek to certify—whether the Enterprises and Conservator are necessarily non-governmental under the *Lebron* test—is a question "of law." At the heart of this question is whether HERA's Section 4617(a)(2) creates substantive, structural limitations that make the conservatorship inherently temporary for purposes of the *Lebron* test, as Defendants have argued, or only "has the same effect" as a disclaimer of the Enterprises' government status, as the Court characterizes it. *See* Order at 10-14. This is a statutory interpretation issue—a quintessential question of law. *See, e.g.*, *Hernandez-Miranda v. Empresas Diaz Masso, Inc.*, 651 F.3d 167, 170 (1st Cir. 2011) ("Questions of statutory interpretation are questions of law . . . .").

## II. SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION EXIST

The second element necessary for interlocutory appeal—*i.e.*, that there is "substantial ground for difference of opinion"—is satisfied here. As the Court acknowledges, its holding "is contrary to every other court to reach the issue," including two courts of appeals (the Sixth and D.C.

- 4 -

Circuits) and "[n]umerous district courts." Order at 6 (citing Defs.' Reply at 29-33). As Defendants pointed out, a total of forty-two decisions (six appellate and thirty-six district court) have held that the Enterprises are not government actors for constitutional purposes, and five decisions have also expressly held that the Conservator is not a government actor for constitutional purposes. Defs.' Reply at 29-33. The fact that every other court to consider the issue has reached a different conclusion shows that there are substantial grounds to disagree with the Court's decision.

Some decisions have said that the second requirement is satisfied when there is "one or more difficult and pivotal questions of law not settled by controlling authority." *See, e.g.*, *Atrion Networking Corp.*, 31 F. Supp. 3d at 360. The Court has stated that the issue is not settled by controlling authority, *see* Order at 6, 10, and its analysis shows that it views the question as difficult. Moreover, the question is "pivotal," not only because it is decisive to the outcome of the due process claims in this case but also because it has been raised and litigated frequently in other cases in which it is decisive to the outcome, *see* Defs.' Reply at 29-33.

### III. AN IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

"The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law," because "questions found to be controlling commonly involve the possibility of avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial." 16 Charles Alan Wright, *supra*. The determination whether this requirement is met "properly turns on pragmatic considerations, assessed by reviewing the procedural and substantive status of the case." 4 Am. Jur. 2d Appellate Review § 125 (2d ed. 2018). If an interlocutory appeal "promises to advance the time for trial or to shorten the time required for trial, appeal is appropriate." 16 Charles Alan Wright, *supra*. This requirement is satisfied here.

If the First Circuit resolves the relevant issues in Defendants' favor, then the litigation will be significantly shortened and simplified, effectively ending one case and leaving only state law and contract-based claims in the other. Defendants would intend to seek expedited briefing and argument in the First Circuit, which would ensure that this litigation progresses as expeditiously as possible, regardless of how the court of appeals might ultimately rule. Absent an immediate appeal, the parties and the Court will need to devote substantial time and resources to further proceedings on the merits of the due process claims—with the risk that this effort will have been wasted if the First Circuit reverses the Court's Order after final judgment. An immediate appeal would establish in advance whether the due process claims raised by Plaintiffs must be dismissed.

## IV. THIS IS AN EXCEPTIONAL CASE WARRANTING INTERLOCUTORY REVIEW

Interlocutory review "should be used sparingly and only in exceptional circumstances." *Caraballo-Seda*, 395 F.3d at 9.[2] "Exceptional circumstances" warranting interlocutory review are present here because of the importance of the question and the extensive authority that reaches a conclusion opposite to that of this Court. The argument that the Enterprises and Conservator are government actors for constitutional purposes is raised with some frequency in litigation, and this Court's ruling is contrary to what had been a uniform consensus on the issue. Order at 6 (citing Defs.' Reply at 29-33).[3] Because this Court's decision has the potential to inject uncertainty in an

---

[2] Although Section 1292(b) "is not limited by its language to 'exceptional' cases," *see* 16 Charles Alan Wright, *supra*, § 3929, the First Circuit has sometimes considered whether "exceptional circumstances" exist when considering a Section 1292(b) motion.

[3] The Court's decision also creates uncertainty with respect to case law that has concluded under the *Lebron* test that Fannie Mae and Freddie Mac are not government entities for purposes other than constitutional claims. Two appellate decisions have relied on *Lebron* to hold that the Enterprises are not government actors for certain non-constitutional purposes. *See Meridian Invs., Inc. v. Freddie Mac*, 855 F.3d 573, 579 (4th Cir. 2017) (applying *Lebron* and holding Freddie Mac was not a government actor for statute-of-limitations purposes under 28 U.S.C. § 2401(a)); *U.S. ex rel. Adams v. Aurora Loan Servs., Inc.*, 813 F.3d 1259, 1260-61 (9th Cir. 2016) (applying *Lebron* and holding that FHFA's conservatorship does not transform Fannie Mae and Freddie Mac into government actors for purposes of the False Claims Act).

area where the law had been considered to be both clear and settled, obtaining clarity from the First Circuit as soon as possible is essential.

**CONCLUSION**

As all of the requirements of § 1292(b) are satisfied, this Court should amend its Order to include the certification necessary to permit a petition to the First Circuit for interlocutory review of the Order, stating specifically that in the Court's opinion, the Order involves (1) a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

Dated: August 23, 2018

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND FEDERAL HOME LOAN MORTGAGE CORPORATION, | FEDERAL HOUSING FINANCE AGENCY |
| By Their Attorneys, | By Its Attorney, |
| /s/ Ethan Z. Tieger | /s/ Michael A.F. Johnson |
| Samuel C. Bodurtha, Bar No. 7075 | Michael A.F. Johnson (*pro hac vice*) |
| Ethan Z. Tieger, Bar No. 9308 | ARNOLD & PORTER KAYE SCHOLER LLP |
| HINSHAW & CULBERTSON LLP | 601 Massachusetts Ave., NW |
| 321 South Main Street, Suite 301 | Washington, DC 20001 |
| Providence, RI 02903 | (202) 942-5000 |
| (401) 751-0842 | (202) 942-5999 (fax) |
| (401) 751-0072 (fax) | Michael.Johnson@apks.com |
| sbodurtha@hinshawlaw.com | |
| etieger@hinshawlaw.com | |

302413251v1 0995019

## CERTIFICATE OF SERVICE

I, Ethan Z. Tieger, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 23, 2018.

*/s/ Ethan Z. Tieger*
Ethan Z. Tieger

## LOCAL RULE 7(C) STATEMENT

In accordance with DRI LR 7(c), Federal Housing Finance Agency, Federal National Mortgage Association, and Federal Home Loan Mortgage Corporation state a hearing on this Motion is not requested.

*/s/ Ethan Z. Tieger*
Ethan Z. Tieger

302413251v1 0995019